IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY P. KIRBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 02cv1955 |
| | ) |
| ESTATE OF RODNEY D. JOHNSON individually, | ) |
| and RODNEY D. JOHNSON t/d/b/a BUFFALO | ) |
| EXPRESS, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

Pending is a Motion for Delay Damages filed by the Estate of Rodney D. Johnson, individually, and Rodney D. Johnson, trading and doing business as Buffalo Express, the Counterclaim Plaintiffs in the above-captioned case. (Docket No. 74). For the reasons set forth below, the Motion is denied.

On or about November 12, 2002, Plaintiff/Counterclaim Defendant Larry P. Kirby ("Kirby") initiated this lawsuit by filing a Complaint against Counterclaim Plaintiffs and others. On or about June 24, 2003, Counterclaim Plaintiffs filed and served an Answer and Counterclaim. Among other things, Counterclaim Plaintiffs asserted a tort claim against Kirby for conversion. A jury trial in this case commenced on February 23, 2006, and concluded on March 2, 2006. Relevant to this

1

Motion, the jury returned a verdict in favor of Counterclaim Plaintiffs and against Kirby on the conversion claim and awarded Counterclaim Plaintiffs $16,256.64 in damages for conversion. On March 6, 2006, judgment on the conversion claim was entered in favor of Counterclaim Plaintiffs in that amount. (Docket No. 73).

On March 9, 2006, Counterclaim Plaintiffs filed the instant motion seeking delay damages pursuant to Rule 238 of the Pennsylvania Rules of Civil Procedure in the amount of $3169.92 on the conversion award. On March 23, 2006, Kirby filed an Answer to Counterclaim Plaintiffs' Motion. (Docket No. 79).

Pennsylvania Rule of Civil Procedure 238(a)(1) provides:

> At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury, . . . and shall become part of the verdict . . . .

Pa. R. Civ. P. 238(a)(1). By its plain language, Rule 238 applies only to actions seeking relief for bodily injury, death or property damage. Counterclaim Plaintiffs, however, have failed to demonstrate that this is such a case.

Indeed, Counterclaim Plaintiffs' three-page brief does not contain any support whatsoever for their position that the judgment in their favor on the conversion claim constituted monetary relief for "property damage" within the meaning of Rule 238. Rather, Counterclaim Plaintiffs state merely that:

> Pennsylvania Law allows for damages in delay for property damage. This case resulted in a judgment for Counterclaim Plaintiffs on a Count of conversion, a form

> of property damage. In fact, it may be said that a conversion is the ultimate from of property damage in that the conversion creates a situation in which the dispossessed owner of the converted property is completely deprived of the use of his or her property due to the act of the converter.

Br. in Supp. At 2. This conclusory statement is plainly inadequate. Not only is Counterclaim Plaintiffs' broad assertion unsupported by any citation to case law or other authority, but courts interpreting Rule 238 have explained that the rule "expressly identifies its coverage in terms of the 'relief' involved, not the underlying cause of action." <u>Loeffler v. Mountaintop Area Joint Sanitary Auth.</u>, 516 A.2d 848, 851 (Pa. Cmwlth. Ct. 1986). Thus, Counterclaim Plaintiffs' reliance on the nature of their claim is unhelpful.

Moreover, the relief sought and awarded on Counterclaim Plaintiffs' conversion claim does not appear on its face to have been for property damage within the meaning of Rule 238. The conversion claim in this case centered on Kirby's possession of Counterclaim Plaintiffs' truck without lawful justification. The truck, however, was returned to Counterclaim Plaintiffs prior to trial. Thus, the thrust of Counterclaim Plaintiffs' damage request was not for actual damage to the truck, or even for the fair market value of the truck. Rather, as reflected in the jury instructions and Counterclaim Plaintiffs' own brief, Counterclaim Plaintiffs sought damages for the loss of use of the truck – for example, money Counterclaim Plaintiffs could have made if they had use of the truck during the time the truck was in Kirby's possession. Again, Counterclaim Plaintiffs have not pointed to any

authority indicating that such damages are equivalent to "property damage" within the meaning of Rule 238. Cf. Kincade v. Laurel Courts, Inc., 644 A.2d 1268, 1269 (Pa. Super. Ct. 1994) (affirming denial of delay damages under Rule 238 in trespass case where plaintiffs sought damages for loss of use of their land which the defendant had unlawfully used and occupied, and not damages for permanent injury to the property).

Because Counterclaim Plaintiffs have failed to support their argument that the relief sought and awarded on their conversion claim was relief for property damage within the meaning of Pennsylvania Rule of Civil Procedure 238, their Motion for delay damages under that Rule is denied.

THEREFORE, this 30th of March, 2006, after careful consideration of the parties' submissions, it is Ordered that Counterclaim Plaintiffs' Motion for Delay Damages (Docket No. 74) is DENIED.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge