IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY P. KIRBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | )   Civil Action No.  02-1955 |
| | ) |
| ROGENE JOHNSON, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# OPINION and ORDER OF COURT

Pending is a Motion to Alter Punitive Damages Judgment filed by Plaintiff/Counterclaim Defendant Larry P. Kirby ("Kirby").  (Docket No. 80).[1]  Also pending is a Motion to Strike Kirby's Motion to Alter Punitive Damages Judgment filed by the Estate of Rodney D. Johnson, individually, and Rodney D. Johnson, trading and doing business as Buffalo Express, the Counterclaim Plaintiffs in this case.  (Docket No. 87).  For the reasons set forth below, Counterclaim Plaintiffs' Motion is granted and Kirby's Motion is stricken from the record.

On or about November 12, 2002, Kirby initiated this lawsuit by filing a

---

[1] Kirby refiled his Motion to Alter Punitive Damages Judgment on March 29, 2006 at Docket No. 84.  This motion is materially identical to Kirby's first motion and appears to have been filed to correct clerical errors.  My rulings herein with respect to the motion filed at Docket No. 80 apply equally to Docket No. 84.

Complaint against Counterclaim Plaintiffs and others. On or about June 24, 2003, Counterclaim Plaintiffs filed and served an Answer and Counterclaim. Among other things, Counterclaim Plaintiffs asserted a tort claim against Kirby for conversion. A jury trial in this case commenced on February 23, 2006, and concluded on March 2, 2006. Relevant to this Motion, the jury returned a verdict in favor of Counterclaim Plaintiffs and against Kirby on the conversion claim and awarded Counterclaim Plaintiffs $16,256.64 in compensatory damages and $100,000 in punitive damages for conversion. On March 7, 2006, judgment on the conversion claim was entered in favor of Counterclaim Plaintiffs in that amount. (Docket No. 73).

On or about March 21, 2006, Kirby filed, *pro se*, a Motion to Proceed In Forma Pauperis and a Notice of Appeal. (Docket Nos. 77, 78). On March 24, 2006, Kirby, through his trial counsel, Thomas Panian, filed his instant Motion to Alter Punitive Damages Judgment. (Docket No. 80). In response, Counterclaim Plaintiffs filed a Motion to Strike Kirby's Motion and Brief in Support. (Docket Nos. 87, 90). Kirby did not file a response to Counterclaim Plaintiffs' Motion to Strike, despite having been given an opportunity to do so. See Docket No. 89.

Although Kirby does not identify the procedural rule pursuant to which he brings his Motion, motions to alter or amend a final judgment are generally governed by Federal Rule of Civil Procedure 59(e).[2] As correctly set forth in

---

[2] There is no reason, on this record, to construe Kirby's motion as having been brought under Federal Rule of Civil Procedure 60(b) rather than Rule 59(e). Although Rule 60(b) allows for relief from a final order or judgment under certain circumstances, Kirby does not contend that Rule 60(b) governs, and he fails to state any grounds for relief available under Rule 60. See, e.g., Lincoln v. Case, No. Civ. A. 01-0955, 2002 WL 562662 (E.D. La. Apr. 15, 2002) (challenge to punitive damages award presented no grounds for relief under Rule 60(b)).

2

Counterclaim Plaintiffs' Motion to Strike, Rule 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after the entry of the judgment."  This "'ten day period is jurisdictional, and cannot be extended in the discretion of the district court.'"  Smith v. Evans, 853 F.2d 155, 157 (3d Cir. 1988) (quoting de la Fuente v. Central Elec. Cooperative, Inc., 703 F.2d 63, 65 (3d Cir. 1983) (*per curiam*)); see also Fed. R. Civ. P. 6(b).

Here, Plaintiff did not file the instant Motion to Alter Judgment until March 24, 2006 – over ten (10) days after the judgment was entered.  Because Plaintiff's Motion was filed more than ten (10) days after judgment, it is untimely, and this Court is without power to entertain it.  Keith v. Truck Stops Corp. of Am., 909 F.2d 743, 747 (3d Cir. 1990); Smith, 853 F.2d at 161 n.3.  Cf. Local Union No. 38 v. Pelella, 350 F.3d 73, 89-90 (2d Cir. 2003) (where party fails to properly challenge punitive damage award through appropriate post-trial motions, challenge is deemed waived); Hardeman v. City of Albuquerque, 377 F.3d 1106, 1122 (10th Cir. 2004) (same).

In addition, as set forth above, Kirby filed a Notice of Appeal in this case on or about March 21, 2006 - before he filed the instant Motion to Alter Punitive Damages.  Filing a notice of appeal divests the trial court of jurisdiction over the action, with limited exceptions that Kirby has not shown are applicable here. See Venen v. Sweet, 758 F.2d 117, 120-21 (3d Cir. 1985)  ("As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal.").  For this reason as

well, the Court is without power to entertain Kirby's Motion.

For all of these reasons, Counterclaim Plaintiffs' Motion to Strike Kirby's Late-Filed Motion will be granted. An appropriate Order follows.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY P. KIRBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | )   Civil Action No. 02-1955 |
| | ) |
| ROGENE JOHNSON, et al., | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

THEREFORE, this **26th** day of April, 2006, it is ORDERED that Counterclaim Plaintiffs' Motion to Strike Counterclaim Defendant Larry P. Kirby's Motion to Alter Punitive Damages Judgment (Docket No. 87) is granted, and that Kirby's Motion to Alter Punitive Damages Judgment (Docket No. 80) is stricken from the record. It is further ORDERED that Docket No. 84, a materially identical Motion to Alter Punitive Damages, is also stricken from the record.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

5